UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA


TIM DEERINCK, et al.,                    No. 2:11-cv-01735-MCE-EFB

          Plaintiffs,

     v.                                  <u>MEMORANDUM AND ORDER</u>

HERITAGE PLAZA MORTGAGE INC.,
et al.

          Defendants.

                         ----oo0oo----


     Pending before the Court is Defendants Bank of America, N.A.
and Bank of New York Mellon's Motion to Dismiss Plaintiffs'
Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]
(Defs.' Mot. to Dismiss, ECF No. 10.)  For the reasons discussed
below, Defendants' Motion to Dismiss is granted.[2]

///

///

_____

     [1] All further references to "Rule" or "Rules" are to the
Federal Rules of Civil Procedure unless otherwise noted.

     [2] Because oral argument will not be of material assistance,
the Court ordered this matter submitted on the briefing.  <u>See</u>
E.D. Cal. Local Rule 230(g).

1

**BACKGROUND**

**A.   Introduction**

On June 28, 2011, Plaintiffs Tim and Dina Deerinck ("Plaintiffs") filed the present action against Bank of America, N.A. ("Bank of America"), doing business as BAC Home Loans Servicing, and Bank of New York-Mellon ("Bank of New York"), as trustee for the benefit of the Countrywide Alternate Trust 2006-8T1 ("Countrywide Trust")(collectively, "Defendants").[3] Plaintiffs' Complaint seeks relief under five causes of action: (1) declaratory relief under 28 U.S.C. § 2201-2202; (2) negligence; (3) violation of the Truth in Lending Act, 15 U.S.C. § 1641(g); (4) violation of Cal. Bus. & Prof. Code section 17200 et seq.; and (5) quiet title.

**B.   Allegations in Plaintiffs' Complaint**[4]

In January of 2006, Plaintiffs executed a promissory note for $585,000.00 ("Promissory Note") with Heritage Plaza Mortgage, Inc. ("Heritage"), in order to purchase property located in Manteca, California (the "subject property").

///

---

[3] On September 23, 2011, Plaintiffs dismissed all claims against Heritage Plaza Mortgage Inc., in its capacity as originating lender.  (See ECF No. 19.)

[4] The following facts are taken primarily from Plaintiffs' Complaint.  (Compl., ECF No. 1.)  For purposes of this Motion, the Court accepts these facts as true and makes all inferences in the light most favorable to Plaintiffs.

1  (Compl., ECF No. 1 ¶¶ 16, 58; Defs.' Request for Judicial Notice

2  ("RJN"), ECF No. 11, Ex. B.)[5]  The Deed of Trust named Heritage

3  as the lender, First American Title Company of Stockton as the

4  trustee, and Mortgage Electronic Registrations System, Inc.

5  ("MERS") as the beneficiary.  (Compl. ¶ 58; Defs.' RJN, Ex. A at

6  1-2.)[6]  Plaintiffs identify Bank of America as the loan servicer.

7  (Compl. ¶ 95.)

8      Plaintiffs' claims focus on the securitization and sale of

9  their Deed of Trust and Promissory Note on the secondary mortgage

10  market.  (Id. ¶ 3.)  Specifically, at some point after

11  origination, Heritage attempted to securitize and sell

12  Plaintiffs' Deed of Trust and Promissory Note to the Countrywide

13  Alternative Trust Series 8T1-2006 (the "Countrywide Trust").

14  (Id. ¶¶ 4, 9-10.)  Bank of New York is the Trustee of the

15  Countrywide Trust and the Countrywide Trust is governed by a

16  Pooling and Servicing Agreement ("PSA").  The parties involved in

17  the securitization allegedly failed to adhere to the PSA's

18  requirement that the Deed of Trust and Promissory Note must be

19  properly endorsed, transferred, accepted, and deposited with the

20  Countrywide Trust on or before the date specified in the PSA.

21  ///

22

23  [5] Defendants request the Court take judicial notice of the
Promissory Note and Deed of Trust executed by Plaintiffs and

24  Heritage pursuant to Federal Rules of Evidence 201(b)
(authorizing judicial notice of adjudicative facts "capable of

25  accurate and ready determination by resort to sources whose
accuracy cannot be reasonably questioned").  Defendants' requests

26  are unopposed and are the proper subject of judicial notice.
Accordingly, Defendants' Request for Judicial Notice of the Deed

27  of Trust (Ex. B) is granted.

28  [6] Defendants' Request for Judicial Notice of the Promissory
Note (Ex. A) is granted.  See n.5.

1  (Id.)  As a result of this failure to comply with the PSA,

2  Plaintiffs' contend that the Promissory Note and Deed of Trust

3  are not part of the Countrywide Trust.  (Id. ¶ 10.)  Thus, Bank

4  of New York, as Trustee for the Countrywide Trust, has no

5  authority to collect on the loan.  (Id. ¶¶ 4, 10-11.)[7]

6      Plaintiffs contend they then attempted to determine the

7  identity of the current owner of their Deed of Trust and

8  Promissory Note.  On or around April 12, 2010, Plaintiffs sent a

9  Qualified Written Request ("QWR") letter to Bank of America

10 requesting specific information about the status of Plaintiffs'

11 loan account.  (Id. ¶ 44, Ex. B.)  In response to the April 12,

12 2010 QWR, Bank of America represented that Bank of New York was

13 the owner of Plaintiffs' Deed of Trust and Promissory Note and

14 that Bank of America is the servicer.  (Id. ¶ 45, Ex. C.)  Per

15 Plaintiffs' April 12, 2010 request, Bank of America enclosed a

16 copy of Plaintiffs' Promissory Note.  (Id.)  According to the

17 Plaintiffs, the Promissory Note was not endorsed by or to Bank of

18 America or Bank of New York.  (Id.)

19     On May 13, 2010, Plaintiff Tim Deerinck e-mailed Alicia

20 Reatz, a relationship manager with the Bank of New York, to

21 obtain more information about the ownership status of their Deed

22 of Trust.  (Id. ¶ 46.)  Ms. Reatz informed Plaintiffs that Bank

23 of New York is "a Trustee, therefore, we [Bank of New York] do

24 not physically own the loan or the property."  (Id. ¶ 47.)

25 ///

26

27     [7] While Plaintiffs do not dispute that they owe money on the
   loan, they dispute the amount of money owed and seek the Court's
28 assistance in determining who the holder in due course is of
   their Note and Deed of Trust.

1       On August 9, 2010, Plaintiffs commissioned a company called

2   Luminaq to conduct a securitization audit on their Deed of Trust

3   and Promissory Note to determine the current owner of their loan.

4   (Id. ¶ 48.)  Plaintiffs contend that Neil L. Garfield, Esq., an

5   attorney with Luminaq, determined that: (1) Heritage did not

6   effectively dispose of the beneficial interest in Plaintiffs'

7   Deed of Trust and Promissory Note; (2) Heritage failed to

8   transfer Plaintiffs' Promissory Note and Deed of Trust to Bank of

9   New York and the Countrywide Trust; (3) that Heritage Plaza and

10  Bank of New York intentionally and knowingly failed to follow the

11  PSA governing the Countrywide Trust; (4) that Heritage Plaza

12  failed to perfect title by not following the PSA; and (5) "[t]he

13  beneficiaries have no power to enforce the terms of the

14  [Countrywide] Trust."  (Id. ¶¶ 49-50.)

15      On May 9, 2011, Plaintiffs sent a second QWR letter to Bank

16  of America demanding the name, address, and contact information

17  of the current owner of the Note.  (Id. ¶ 55, Ex. E.)  On June 7,

18  2011, Bank of America responded to Plaintiffs' second QWR by

19  sending a life loan history report of Plaintiff's loan.  (Id.

20  ¶ 56, Ex. F.)  According to Plaintiffs, Bank of America did not

21  include any additional response.  (Id.)  Plaintiffs allege that

22  because they cannot identify the true owner of their note, they

23  do not know if they are sending their monthly mortgage payments

24  to the correct party and that multiple banks may seek to enforce

25  Plaintiffs' debt obligation.[8]  (Id. ¶ 8; emphasis added.)

26

27      [8] Plaintiffs do not allege that they have defaulted on their
mortgage payments, nor do they allege that any entity has
28                                              (continued...)

5

1    In the course of Plaintiffs' quest to identify the owner of

2 their loan, Defendants allegedly failed to properly credit

3 payments made, incorrectly calculated interest on accounts, and

4 failed to accurately debt fees. (Id. ¶¶ 71, 74-75, 77.)  As a

5 result, Plaintiffs contend that they have overpaid in interest,

6 their credit limit has been reduced, and their credit score has

7 been damaged. (Id. ¶¶ 71, 74-75, 77.)

8    Based on these allegations, Plaintiffs challenge the

9 securitization of their loan and seek relief under five causes of

10 action against Defendants.  First, Plaintiffs request a judicial

11 determination pursuant to 28 U.S.C. §§ 2201-2202 that Defendants

12 do not have any right or interest in Plaintiffs' Promissory Note,

13 Deed of Trust, or the subject property and similarly, lack the

14 authority to collect Plaintiffs' mortgage payments or enforce

15 Plaintiffs' debt obligation. (Id. ¶¶ 89-91.)  Plaintiffs allege

16 that an actual controversy exists between Plaintiffs, Bank of New

17 York, and Bank of America with regard to Bank of New York's

18 authority to collect mortgage payments and enforce Plaintiffs'

19 loan and as to the secured or unsecured status of Plaintiffs'

20 loan. (Id. ¶¶ 85-88.)  Plaintiffs seek punitive damages in order

21 to deter Defendants from engaging in similar conduct. (Id.

22 ¶ 92.)

23 ///

24 ///

25 ///

26

27    [8](...continued)
commenced a nonjudicial foreclosure proceeding against the
28 subject property.

1    Second, Plaintiffs allege a negligence claim against

2    Defendants.  (Id. ¶¶ 93-97.)  Specifically, Plaintiffs contend

3    that Defendants owe a duty to exercise reasonable care to follow

4    California law with respect to the enforcement of debts and to

5    refrain from taking actions against Plaintiffs outside the scope

6    of their legal authority.  (Id. ¶¶ 95-96.)

7        Third, Plaintiffs allege that Defendant Bank of New York

8    violated Truth in Lending Act section 1641(g) by failing to

9    provide Plaintiffs with written notice specifying that Bank of

10   New York had been assigned the beneficial interest in Plaintiffs'

11   Deed of Trust within thirty days of the date of the assignment of

12   the Deed of Trust.  (Compl. ¶ 105.)

13       Fourth, Plaintiffs allege that Defendants have violated

14   California Business and Profession Code section 17200 by engaging

15   in "unlawful, fraudulent, and deceptive business practices" with

16   respect to mortgage loan servicing, assignment of Plaintiffs'

17   Note and Deed of Trust, and other related matters.  (Compl.

18   ¶ 115.)  Additionally, Plaintiffs allege the Defendants engaged

19   in unlawful, fraudulent and deceptive business practices by:

20   (1) failing to disclose the principal which documents were being

21   executed and recorded in violation of California Civil Code 1095;

22   (2) failing to record powers of attorney in connection with other

23   recorded documents in violation of California Civil Code 2933;

24   (3) violating the "Security First Rule;" (4) demanding and

25   accepting payment of debts which were non-existent; (5) accepting

26   loan payments as beneficiaries and trustees without legal

27   authority to do so; (6) other deceptive business practices; and

28   ///

1   (7) violation of Truth in Lending Act section 1641(g).

2   (Id. ¶¶ 115-116.)

3       Fifth, Plaintiffs request the Court quiet title to the

4   subject property in the Plaintiffs.  Specifically, Plaintiffs

5   seek a judicial determination that title to the subject property

6   is solely vested in Plaintiffs and that Defendants should be

7   declared to have no right, title, or interest in the subject

8   property.  (Id. ¶¶ 122-128.)  Plaintiffs allege that they have

9   offered and are ready, willing and able to tender their

10  obligation.  (Id. ¶ 123.)  Additionally, Plaintiffs allege they

11  are the owners of the subject property, that their interest in

12  title lies in the Deed of Trust from Heritage, that Defendants

13  have no right, title, interest, or estate in the subject

14  property, and that Plaintiffs' interest is adverse to Defendants'

15  claim to ownership.  (Id. ¶¶ 124-126.)

16      On August 5, 2011, Defendants filed the pending motion to

17  dismiss.  (ECF No. 10.)  On September 8, 2011, Plaintiffs filed

18  their Opposition.[9]  (ECF No. 16.)

19  ///

20  ///

21

22      [9] Five months after Plaintiffs filed their Opposition to
    Defendants' Motion to Dismiss, Plaintiffs filed a document

23  requesting the Court take judicial notice of an official report
    generated by the City and County of San Francisco's Office of the
    Assessor-Recorder entitled, "Foreclosure in California: A Crisis

24  of Compliance Report."  (Pls.' RJN, ECF No. 22, Ex. A.)
    Plaintiffs' RJN is unopposed and is accordingly granted.  See

25  City of Sausalito v. O'Neill, 386 F.3d 1186, 1223 n.2 (9th Cir.
    2004)(finding a court may take judicial notice of records and

26  reports of state administrative bodies, so long as their
    authenticity is not in dispute).  While the Court grants

27  Plaintiffs' RJN, the Court notes Plaintiffs do not specify how
    this official report relates to Plaintiffs' allegations and

28  claims against Defendants.

**STANDARD**

**A.   Motion to Dismiss Pursuant to 12(b)(6)**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. (internal citations and quotations omitted).  A court is not required to accept as true a "legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief above the speculative level."

///
///
///

1   Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur

2   R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)

3   (stating that the pleading must contain something more than "a

4   statement of facts that merely creates a suspicion [of] a legally

5   cognizable right of action.")).

6       Furthermore, "Rule 8(a)(2) . . . requires a showing, rather

7   than a blanket assertion, of entitlement to relief."  Twombly,

8   550 U.S. at 556 n.3 (internal citations and quotations omitted).

9   Thus, "[w]ithout some factual allegation in the complaint, it is

10  hard to see how a claimant could satisfy the requirements of

11  providing not only 'fair notice' of the nature of the claim, but

12  also 'grounds' on which the claim rests."  Id. (citing 5 Charles

13  Alan Wright & Arthur R. Miller, supra, at § 1202).  A pleading

14  must contain "only enough facts to state a claim to relief that

15  is plausible on its face."  Id. at 570.  If the "plaintiffs . . .

16  have not nudged their claims across the line from conceivable to

17  plausible, their complaint must be dismissed."  Id.  However,

18  "[a] well-pleaded complaint may proceed even if it strikes a

19  savvy judge that actual proof of those facts is improbable, and

20  'that a recovery is very remote and unlikely.'"  Id. at 556

21  (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

22      A court granting a motion to dismiss a complaint must then

23  decide whether to grant leave to amend.  Leave to amend should be

24  "freely given" where there is no "undue delay, bad faith or

25  dilatory motive on the part of the movant . . . undue prejudice

26  to the opposing party by virtue of allowance of the amendment,

27  [or] futility of the amendment . . . ."

28  ///

1   Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital,

2   LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing

3   the Foman factors as those to be considered when deciding whether

4   to grant leave to amend).  Not all of these factors merit equal

5   weight.  Rather, "the consideration of prejudice to the opposing

6   party . . . carries the greatest weight."  Id. (citations

7   omitted).  Dismissal without leave to amend is proper only if it

8   is clear that "the complaint could not be saved by any

9   amendment."  Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d

10  1048, 1056 (9th Cir. 2007) (citations omitted); Ascon Props.,

11  Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989)

12  ("Leave need not be granted where the amendment of the complaint

13  . . . constitutes an exercise in futility . . . .").

14

15                           **ANALYSIS**

16

17  **A.   Declaratory Relief**

18

19       Defendants move to dismiss Plaintiffs' declaratory relief

20  claim on the basis that Plaintiffs have failed to plead an actual

21  controversy exists.  (ECF No. 10 at 12-13.)

22       Plaintiffs' first cause of action for declaratory relief is

23  based on the theory that Defendant Bank of New York has no

24  authority to collect on Plaintiffs' loan and has no interest or

25  title in the subject property.  (See Compl. ¶¶ 3,4, 9-12, 34-35,

26  42, 54.)

27  ///

28  ///

Plaintiffs base their theory on the allegation that the parties involved in the securitization of Plaintiffs' Deed of Trust and Promissory Note did not comply with the securitization procedures set forth in the PSA governing the Countrywide Trust, thus, Plaintiffs' Deed of Trust and Promissory Note are not part of the Countrywide Trust.  (See id. ¶¶ 4, 9, 10.)

Plaintiffs' theory does not give rise to a legally cognizable claim.  Plaintiffs' claim is based on a alleged breach of the PSA——the securitization agreement——which governs the Countrywide Trust.  However, Plaintiffs lack standing to challenge the process in which their mortgage was securitized because they are not a party to the PSA.  Plaintiffs were not investors of the Countrywide Trust, nor are they third-party beneficiaries of the PSA, thus, they do not have standing to challenge an alleged breach of that agreement.  See e.g., Bascos v. Federal Home Loan Mortg. Corp, 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011) ("To the extent Plaintiff challenges the securitization of his loan because Freddie Mac failed to comply with the terms of the securitization agreement, Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not an investor of the loan trust.").[10]

---

[10] Other district courts have also held that borrowers do not have standing to challenge breach of securitization agreements.  See Armeni v. America's Wholesale Lender, 2012 WL 253967 at *2 (C.D. Cal. Jan. 25, 2012)(same); Junger v. Bank of Am., N.A., 2012 WL 603262 (C.D. Cal. Feb. 24, 2012)(same); In re Correia, 452 B.R. 319, 324 (1st Cir. B.A.P. 2011)(Where debtors asked the court to declare mortgage assignment invalid based on breach of Pooling Services Agreement, a contract to which debtors were not a party nor third-party beneficiaries, the court found that debtors lacked standing to object to breaches of the terms
(continued...)

1    Here, the Plaintiffs lack standing for the same reason;

2    namely, they are not a party to the PSA.  Plaintiffs' claim for

3    declaratory relief is based on their theory of improper

4    securitization.  Thus, because Plaintiffs lack standing to raise

5    an alleged breach of the PSA, Plaintiffs' declaratory relief

6    claim must fail.[11]  Accordingly, Defendants' Motion to Dismiss

7    Plaintiffs' claim for declaratory relief is granted.

8

9    **B.   Negligence**

10

11    Defendants move to dismiss Plaintiffs' negligence claim on

12   the basis that Plaintiffs have failed to explain what legal

13   authority imposes a duty of care on Bank of New York and Bank of

14   America, and Plaintiffs have not provided any facts that suggest

15   that any alleged duty was breached.  (ECF No. 10 at 14.)

16   ///

17   ///

18

19

20        [10](...continued)
     of the PSA); <u>Rodenhurst v. Bank of Am.</u>, 773 F. Supp. 2d 886, 899
21   (D. Haw. 2011) ("The overwhelming authority does not support a
     [claim] based upon improper securitization."); <u>Greene v. Home</u>
22   <u>Loan Servs. Inc.</u>, 2010 WL 3749243, *4 (D. Minn. Sept. 21, 2010)
     ("Plaintiffs do not have standing to bring their challenge
23   regarding the securitization of the mortgage" because they were
     "not a party to the Pooling and Servicing Agreement.").

24

25        [11] Plaintiffs have not sufficiently pled their claims
     against Defendants for negligence, violation of the Truth in
26   Lending Act § 1641(g) and California Bus. & Prof. Code section
     17200, to withstand Defendants' Motion to Dismiss.  Accordingly,
27   to the extent that Plaintiffs' declaratory relief claim is based
     on any of those claims, Plaintiffs' declaratory relief claim must
28   be dismissed.

13

1    In order to state a cause of action for negligence, a
2  plaintiff must allege: (1) the defendant has a legal duty to use
3  due care; (2) the defendant breached such legal duty; (3) the
4  defendant's breach was the proximate or legal cause of the
5  resulting injury; and (4) damage to the plaintiff.  Ladd v.
6  County of San Mateo, 12 Cal. 4th 913, 917 (1996).  The existence
7  of a legal duty on the part of the defendant is a question of law
8  to be determined by the court.  Kentucky Fried Chicken of
9  California, Inc. v. Superior Court, 14 Cal. 4th 814, 819 (1997).
10 When not provided by statute, the existence of such a duty
11 depends upon the foreseeability of the risk and a weighing of
12 policy considerations for and against the imposition of
13 liability.  Jacoves v. United Merchandising Corp.,
14 9 Cal. App. 4th 88, 105 (1992).

15    "[A]s a general rule, a financial institution owes no duty
16 of care to a borrower when the institution's involvement in the
17 loan transaction does not exceed the scope of its conventional
18 role as a mere lender of money."  Nymark v. Heart Fed. Sav. &
19 Loan Ass'n, 231 Cal. App. 3d 1089, 1095-96 (affirming summary
20 judgment in favor of defendant lending institution because
21 defendant owed no duty to plaintiff in conducting its loan
22 processing procedures); see Wagner v. Benson, 101 Cal. App. 3d
23 27, 35 (1980) (finding liability to a borrower for negligence
24 arises only when the lender actively participates in the financed
25 enterprise beyond the domain of the usual money lender)(internal
26 quotations and citations omitted).

27 ///
28 ///

14

"Under California law, a lender does not owe a borrower or third party any duties beyond those expressed in the loan agreement, except those imposed due to special circumstance." Resolution Trust Corp. v. BVS Dev., 42 F.3d 1206, 1214 (9th Cir. 1994) (citing Nymark, 231 Cal. App. 3d at 1096); see also Castaneda v. Saxon Mortg. Services, Inc., 687 F. Supp. 2d 1191, 1197-98 (E.D. Cal. 2009)(concluding that a loan servicer owed no duty of care to the plaintiff).   Further, a trustee under a deed of trust "is not a true trustee, and owes no fiduciary obligations; [it] merely acts as a common agent for the trustor and beneficiary of the deed of trust. [The trustee's] only duties are: (1) upon default to undertake the steps necessary to foreclose the deed of trust; or (2) upon satisfaction of the secured debt to reconvey the deed of trust." Wong v. Am. Servicing Co., Inc., 2009 WL 5113516, at *6 (E.D. Cal. Dec. 18, 2009) (alterations in original) (internal quotation marks omitted).

Here, Plaintiffs fail to allege facts that show special circumstances that would suggest either Bank of New York or Bank of America owed Plaintiffs a duty of care.   For example, Plaintiff has not alleged that Bank of New York, as trustee of the Countrywide Trust, actively participated in Plaintiffs' loan transaction such that Bank of New York now owes Plaintiffs a duty of care.   Moreover, as previously noted, Plaintiffs are not beneficiaries of or parties to the Countrywide Trust.   Similarly, Plaintiffs fail to allege Bank of America, as loan servicer, actively participated in the financed enterprise "beyond the usual practices associated with the lending business," Wong, 2009 WL 5113516 at *6.

1  Plaintiffs have not alleged that either of these Defendants

2  assumed a duty or entered into a special relationship besides

3  what one would expect from an arm's length mortgage transaction.

4  Plaintiffs do not allege that their relationship with Bank of

5  New York and Bank of America went beyond that of borrower,

6  beneficiary, and loan servicer.  Plaintiffs do not cite to any

7  common law or statutory authority that gives rise to a duty of

8  care.  Instead, Plaintiffs allege that Bank of New York and Bank

9  of America owed a unique duty to *not* take actions against

10 Plaintiffs which Bank of New York and Bank of America did not

11 have legal authority to take.  (Compl. ¶¶ 95-96 (emphasis

12 added).)  This bare allegation fails to amount to the active

13 participation required to establish a duty of care under <u>Nymark</u>.

14 231 Cal. App. 3d at 1097.

15     Plaintiffs have failed to establish that Bank of New York

16 and Bank of America owed Plaintiffs a duty of care.  Accordingly,

17 Defendants' Motion to Dismiss Plaintiffs' negligence claim is

18 granted.

19

20 **C.    Truth In Lending Act § 1641(g)**

21

22     Defendants move to dismiss that Plaintiffs' Truth in Lending

23 Act ("TILA"), 15 U.S.C. 1640 et seq., claim on the basis that

24 Plaintiffs do not allege sufficient facts to trigger the

25 protection of TILA and fail to allege detrimental reliance.

26 (ECF No. 10 at 16.)

27 ///

28 ///

1    The purpose of the TILA is to ensure that users of consumer

2 credit are informed as to the terms on which credit is offered

3 them.  Jones v. E*Trade Mortg. Corp., 397 F.3d 810, 812 (9th Cir.

4 2005).  TILA "requires creditors to provide borrowers with clear

5 and accurate disclosures of terms dealing with things like

6 finance charges, annual percentage rates of interest, and the

7 borrower's rights."  Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412

8 (1998).  TILA § 1641, titled "Liability of Assignees," requires

9 that when an entity purchases or is assigned the beneficial

10 interest in a loan on a property, it must notify the borrower in

11 writing within 30 days of when the loan was transferred.  See

12 15 U.S.C. § 1641(g).  Subsection (g) of § 1641 lists the

13 particular information that the assignee's notice must contain.

14 This subsection only applies to the "new owner or assignee of the

15 debt."  See id.

16    Here, Plaintiffs allege that TILA § 1641(g) applies to Bank

17 of New York, that Bank of New York did not provide written notice

18 to Plaintiffs within 30 days of the date of assignment, that

19 Plaintiffs did not receive notice of how to reach a Bank of New

20 York agent or where their Deed of Trust was recorded, and did not

21 receive any other relevant information about Bank of New York.

22 (Compl. ¶¶ 101-112.)  However, Plaintiffs do not offer any

23 supporting factual allegations.  Significantly, Plaintiffs fail

24 to provide any factual allegation regarding *when* the purported

25 transfer occurred, or *why* Bank of New York is subject to TILA's

26 notice requirements.  Plaintiffs make only conclusory allegations

27 that they did not receive notice required by TILA § 1641(g) from

28 Bank of New York.

Plaintiffs' cursory recitation of the requirements of TILA §
1641(g) is insufficient to support a TILA violation claim and to
survive Defendants' Motion to Dismiss.  Iqbal, 129 S. Ct. at
1950.  Accordingly, Defendants' Motion to Dismiss Plaintiffs'
TILA claim is granted.

**D.   California Bus. & Prof. Code section 17200**

Defendants move to dismiss Plaintiffs' claim for violations
of California Bus. & Prof. Code section 17200 on the basis that
Plaintiffs' claims are not supported by their factual
allegations.  (ECF No. 10 at 17-19.)

California's Business and Professions Code §§ 17200 et seq.
(more commonly known as California's Unfair Competition Law
("UCL")) defines unfair competition as "any unlawful, unfair or
fraudulent business act or practice."  "Unlawful" practices are
practices "forbidden by law, be it civil or criminal, federal,
state, or municipal, statutory, regulation, or court-made."
Saunders v. Superior Court, 27 Cal. App. 4th 832, 838-39 (1994)
(citing People v. McKale, 25 Cal. 3d 626, 632(1979)).  To state a
cause of action based on an "unlawful" business act or practice
under the UCL, a plaintiff must allege facts sufficient to show a
violation of some underlying law.  McKale, 25 Cal.3d at 635.

A business act or practice is "unfair" when the conduct
"threatens an incipient violation of an antitrust law, or
violates the policy or spirit of one of those laws because its
effects are comparable to a violation of the law, or that
otherwise significantly threatens or harms competition."

1   Cel-Tech Communications, Inc. v. L.A. Cellular Tel. Co.,

2   20 Cal.4th 163, 187 (1999).  To sufficiently plead an action

3   based on an "unfair" business act or practice, a plaintiff must

4   allege facts showing the "unfair" nature of the conduct and that

5   the harm caused by the conduct outweighs any benefits that the

6   conduct may have.  Motors, Inc. v. Times Mirror Co., 102 Cal.

7   App. 3d 735, 740 (1980).

8        A "fraudulent" business act or practice is one in which

9   members of the public are likely to be deceived.  Hall v. Time,

10  Inc., 158 Cal. App. 4th 847, 849 (2008); Olsen v. Breeze, Inc.,

11  48 Cal. App. 4th 608, 618 (1996)("does not refer to the common

12  law tort of fraud but only requires a showing members of the

13  public 'are likely to be deceived'").  Thus, in order to state a

14  cause of action based on a "fraudulent" business act or practice,

15  the plaintiff must allege that consumers are likely to be

16  deceived by the defendant's conduct.  Committee on Children's

17  Television, Inc. v. General Foods Corp., 35 Cal. 3d 197, 212

18  (1983).  Furthermore, a plaintiff alleging unfair business

19  practices under § 17200 "must state with reasonable particularity

20  the facts supporting the statutory elements of the violation.

21  Khoury v. Maly's of California, Inc., 14 Cal. App. 4th 612, 619

22  (1993).

23       In this case, Plaintiffs fail to plead a UCL claim under any

24  available theory.  First, the "unlawful" prong of the UCL

25  requires an underlying violation of a state or federal statute or

26  common law.  As discussed above, the Court has granted

27  Defendants' Motion as to Plaintiffs' negligence and TILA claims.

28  ///

1   As a result, these claims cannot form the basis of Plaintiffs'

2   UCL claim.  In addition, merely listing Civil Code violations, as

3   Plaintiffs do here, without more, is not sufficient to maintain a

4   plausible claim.  <u>Iqbal</u>, 129 S. Ct. at 1949.  Ultimately,

5   Plaintiffs' conclusory statements suggesting that Defendants are

6   in violation of certain statutes are not sufficient to withstand

7   a motion to dismiss.

8        Next, Plaintiffs do not adequately plead an independent UCL

9   claim for unfair or fraudulent business practices because

10  Plaintiffs fail to allege facts to support any identifiable

11  wrongdoing by specific Defendants.  Likewise, Plaintiffs' mere

12  conclusory recitation of the elements of these claims do not give

13  proper notice to the respective Defendants as to the alleged

14  misconduct.  Accordingly, Plaintiffs' UCL claim cannot survive

15  Defendants' Motion to Dismiss.  Accordingly, Defendants' Motion

16  to Dismiss Plaintiffs' UCL claim is granted.

17

18  **E.    Quiet Title**

19

20       Defendants move to dismiss Plaintiffs' quiet title claim on

21  the basis that Plaintiffs do not and cannot allege that they have

22  made an offer to tender or tendered the amount due on the loan.

23  (ECF No. 12 at 20.)  Defendants argue that to maintain a quiet

24  title action, Plaintiffs must pay the outstanding debt owed on

25  the subject property.

26       California Code of Civil Procedure § 760.010 provides for a

27  quiet title action "to establish title against adverse claims to

28  real or personal property or any interest therein."

To state a cause of action for quiet title, a plaintiff must plead: (1) a legal description of the property that is the subject of the action; (2) the title of the plaintiff and the basis upon which such title is asserted; (3) the adverse claims to the title of the plaintiff against which a determination is sought; (4) the date as of which the determination is sought; and (5) a prayer for the determination of the title of the plaintiff against the adverse claims.  See Cal. Civ. Proc. Code § 760.020. The complaint in an action to quiet title must be verified, unless plaintiff is a public entity.  Id.  Additionally, in an action to quiet title, the plaintiff must stand on the strength of his or her own title and not the weaknesses of the defendant's title.  Millard v. Faus, 268 Cal. App. 2d 76, 82 (1968).

Further, under California law, "it is well-settled that 'a mortgagor cannot quiet his title against the mortgagee without paying the debt secured.'"  Briosos v. Wells Fargo Bank, 737 F. Supp. 2d 1018, 1032 (N.D. Cal. 2010) (quoting Shimpones v. Stickney, 219 Cal. 637, 649 (1934)).  Therefore, "to maintain a quiet title claim, a plaintiff 'is required to allege tender of the proceeds of the loan at the pleading stage.'"  Id. (quoting Velasquez v. Chase Home Fin., LLC, 2010 WL 3211905, at *4 (N.D. Cal. Aug. 12, 2010)); see also Hensley v. Bank of New York Mellon, 2010 WL 5418862, at *3 (E.D. Cal. Dec. 23, 2010) (dismissing a quiet title claim where the plaintiff did "not allege that she has tendered, or is able to tender").

Contrary to Defendants' argument, Plaintiffs have adequately alleged their ability to tender and that Plaintiffs have offered to tender their obligation.  (See Compl. ¶ 123.)

21

1   Specifically, the allege they have offered and are ready, willing

2   and able to tender their obligation in full.  (Id.)   Further,

3   Plaintiff has sufficiently alleged all the requisite elements

4   under California Code of Civil Procedure section 760.20 to

5   support a cause of action for quiet title.  (See id. ¶¶ 124-128.)

6        However, Plaintiffs base their quiet title action on the

7   alleged weakness of Defendants' interest in title, instead of the

8   strength of their own title.  Specifically, similar to their

9   claim for declaratory relief, Plaintiffs' quiet title claim is

10  based on the allegation that Heritage failed to properly transfer

11  Plaintiffs' Deed of Trust and Promissory Note into the

12  Countrywide Trust in violation of the Countrywide Trust PSA, and

13  thus, Bank of New York, as Trustee of the Countrywide Trust, has

14  no interest in Plaintiffs' Deed of Trust or Promissory Note and

15  no authority to enforce Plaintiffs' loan.  Plaintiffs' quiet

16  title action relies on the assumption that Plaintiffs' Deed of

17  Trust and Promissory Note are not part of the Countrywide Trust

18  res, and thus, Defendants do not have any interest in the subject

19  property or authority to enforce Plaintiffs' loan.  As previously

20  discussed, Plaintiffs have failed to establish that they have

21  standing to challenge such a breach of the securitization

22  agreement governing the Countrywide Trust.  Therefore,

23  Plaintiffs' quiet title claim must be dismissed.  Accordingly,

24  Defendants' Motion to Dismiss Plaintiffs' quiet title claim is

25  granted.

26  ///

27  ///

28  ///

22

**CONCLUSION**

    For the reasons stated above, Defendants' Motion to Dismiss (ECF No. 10) is granted with leave to amend.  Plaintiffs may file an amended complaint not later than twenty (20) days following the date of this Memorandum and Order should they choose to do so.

    IT IS SO ORDERED.

Dated: March 29, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

23