1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  TIM DEERINK, et al.,                    No. 2:11-cv-01735-MCE-EFB

12           Plaintiff,

13      v.                                  <u>MEMORANDUM AND ORDER</u>

14  BANK OF NEW YORK MELLON, N.A.,
    et al.,
15
             Defendants.
16
                          ----oo0oo----
17

18      Before the Court is Defendants Bank of New York Mellon, N.A.

19  and Bank of America Corporation's Motion to Dismiss Plaintiffs'

20  First Amended Complaint pursuant to Federal Rule of Civil

21  Procedure 12(b)(6).[1]  (Defs.' Mot. To Dismiss, ECF No. 25.)  For

22  the reasons discussed below, Defendants' Motion to Dismiss is

23  GRANTED.[2]

24  ///

25  _____

26      [1] All further references to "Rule" or "Rules" are to the
    Federal Rules of Civil Procedure unless otherwise noted.

27      [2] Because oral argument will not be of material assistance,
    the Court ordered this matter submitted on the briefing.  See
28  E.D. Cal. Local Rule 230(g).

                                   1

**BACKGROUND**

**A.   Introduction**

On June 28, 2011, Plaintiffs Tim and Dina Deerink ("Plaintiffs") filed the present action against Bank of America, N.A. ("Bank of America"), doing business as BAC Home Loans Servicing, and Bank of New York-Mellon ("Bank of New York"), as trustee for the benefit of the Countrywide Alternative Trust 2006-8T1 ("Countrywide Trust"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants").[3]  Plaintiffs' Complaint sought relief under five causes of action: (1) declaratory relief under 28 U.S.C. §§ 2201-02; (2) negligence; (3) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1641(g); (4) violation of the Unfair Competition Law ("UCL"), California Business and Professions Code and § 17200 et seq.; and (5) quiet title.

**B.   Allegations in Plaintiffs' Initial Complaint[4]**

In January of 2006, Plaintiffs executed a promissory note for $585,000.00 with Heritage Plaza Mortgage, Inc. ("Heritage"), in order to purchase property located in Manteca, California.

---

[3] On September 23, 2011, Plaintiffs dismissed all claims against Heritage Plaza Mortgage Inc., in its capacity as originating lender.  (See ECF No. 19.)

[4] The following facts are taken primarily from Plaintiffs' initial Complaint.  (Compl., ECF No. 1.)  For purposes of this Motion, the Court accepts these facts as true and makes all inferences in the light most favorable to Plaintiffs.

1  (Compl., ECF No. 1 ¶¶ 16, 58; Defs.' Request for Judicial Notice
2  ("RJN"), ECF No. 11, Ex. B.)[5]  The Deed of Trust named Heritage
3  as the lender, First American Title Company of Stockton as the
4  trustee, and MERS as the beneficiary.  (Compl. ¶ 58; Defs.' RJN,
5  Ex. A at 1-2.)  Plaintiffs identified Bank of America as the loan
6  servicer.  (Compl. ¶ 95.)

7       Plaintiffs' claims focused on the securitization and sale of
8  their Deed of Trust and Promissory Note on the secondary mortgage
9  market.  (Id. at ¶ 3.)  Specifically, at some point after
10 origination, Heritage attempted to securitize and sell
11 Plaintiffs' Deed of Trust and Promissory Note to Countrywide
12 Trust.  (Id. at ¶¶ 4, 9-10.)  Bank of New York is the Trustee of
13 the Countrywide Trust, which is governed by a Pooling and
14 Servicing Agreement ("PSA").  One of the terms of the PSA is that
15 the Deed of Trust and Promissory Note must be properly endorsed,
16 transferred, accepted, and deposited with Countrywide Trust on or
17 before the date specified in the PSA.  Plaintiffs alleged that
18 the parties involved failed to adhere to this term of the PSA,
19 and thus, Plaintiffs contended, the Promissory Note and Deed of
20 Trust are not part of the Countrywide Trust.  (Id. at ¶ 10.)  As
21 a result of the failed securitization, Plaintiffs claimed that
22 Bank of New York, as Trustee for Countrywide Trust, has no
23 authority to collect on the loan.  (Id. at ¶¶ 4, 10-11.)
24 ///

25 ─────────────────
26      [5] Defendants requested the Court take judicial notice of the
   Promissory Note and Deed of Trust executed by Plaintiffs and
   Heritage pursuant to Federal Rules of Evidence 201(b).  The Court
27 granted Defendants' Request for Judicial Notice of the Deed of
   Trust (Ex. B) and the Promissory Note (Ex. A).  See Order, ECF
28 No. 23.

1     Plaintiffs claimed that as a result of Defendants' conduct,
2  they have suffered damages trying to determine the true owners of
3  their loan, they have overpaid in interest, and their credit
4  limit and credit score have been reduced as a result of
5  Defendants' improper reports to credit agencies. (<u>Id.</u> at ¶¶ 71,
6  74-75, 77.)

7     In their first cause of action in their initial Complaint,
8  Plaintiffs sought a judicial determination pursuant to 28 U.S.C.
9  §§ 2201-2202 that Defendants do not have any right or interest in
10 Plaintiffs' Promissory Note, Deed of Trust, or the subject
11 property, and that they lack authority to collect Plaintiffs'
12 mortgage payments or enforce Plaintiffs' debt obligation. (<u>Id.</u>
13 at ¶¶ 89-91.)  Plaintiffs alleged that an actual controversy
14 exists with regard to Bank of New York's authority to collect
15 mortgage payments and enforce Plaintiffs' loan, and as to the
16 secured or unsecured status of Plaintiffs' loan. (<u>Id.</u> at
17 ¶¶ 85-88.)

18    Second, Plaintiffs claimed that Defendants negligently
19 failed to exercise reasonable care in following California law
20 with respect to the enforcement of debts. (<u>Id.</u> at ¶¶ 93-97.)

21    Third, Plaintiffs claimed that Defendant Bank of New York
22 violated the Truth in Lending Act § 1641(g) by failing to provide
23 Plaintiffs with written notice specifying that Bank of New York
24 had been assigned the beneficial interest in Plaintiffs' Deed of
25 Trust within thirty days of the date of the assignment of the
26 Deed of Trust. (Compl. at ¶ 105.)
27 ///
28 ///

4

1    Fourth, Plaintiffs alleged that Defendants violated
2  California Business and Profession Code § 17200 by engaging in
3  "unlawful, fraudulent, and deceptive business practices" with
4  respect to mortgage loan servicing, assignment of Plaintiffs'
5  Note and Deed of Trust, and other related matters.  (Compl. at
6  ¶ 115.)

7    Finally, Plaintiffs requested the Court quiet title to the
8  subject property in the Plaintiffs.  Specifically, Plaintiffs
9  alleged that they were the sole owners, that Defendants had no
10 right, title, or interest in the property.  Additionally,
11 Plaintiffs alleged that they had offered and were ready, willing,
12 and able to tender their obligations.  (Id. at ¶¶ 122-128.)

13   On March 29, 2012, the Court granted Defendants' Motion to
14 Dismiss Plaintiffs' initial Complaint with leave to amend.  The
15 Court found that Plaintiffs failed to state facts sufficient to
16 sustain any of their causes of action, and were given twenty days
17 to remedy their pleadings.  Plaintiffs filed their First Amended
18 Complaint ("FAC" ECF No. 24) on April 18, 2012.

19   In the FAC, Plaintiffs drop MERS as a defendant.  Plaintiffs
20 no longer claim that MERS "cannot grant, assign, or transfer any
21 true or pecuniary beneficial interest in Plaintiffs' Note and
22 Mortgage."  (Compl. at 9.)  They also drop the allegation that as
23 a result of MERS purportedly improper assignment, "the lender's
24 interest in Plaintiffs' Promissory Note [is] unsecured...[and
25 thus] is without legal force or effect."  (Id. at 10.)
26 Additionally, Plaintiffs drop the second cause of action for
27 negligence and the fifth cause of action for quiet title.
28 ///

Plaintiffs renew their causes of action for (1) declaratory relief, (2) violation of 15 U.S.C. § 1641(g), and (3) violation of Cal. Bus. & Prof. Code § 17200, et seq.

### C.   Plaintiffs' New Claims

For the causes of action re-alleged in the FAC, Plaintiffs make essentially the same factual claims, but now allege new details regarding a document (the "Assignment") purporting to assign Plaintiff's Promissory Note to Bank of New York as trustee for Countrywide.  Plaintiffs allege the Assignment "was not executed until September 8, 2011, more than five years after the Closing Date" dictated by the PSA.  (FAC at 11-12.)  The Assignment was allegedly executed by Kathy Oriard, purportedly as Vice President of MERS.  (FAC at 15.)

Plaintiffs further allege that Kathy Oriard was not an employee of MERS, but an employee of Bank of America.  (Id.) Plaintiffs allege Bank of New York and/or Bank of America acted with the intent to illegally collect Plaintiffs' payments with the knowledge that the Assignment did not in fact legally grant, assign or transfer Plaintiffs' interest to Bank of New York per the PSA.  (Id.)  Also, MERS did not identify the principal, in violation of California law.  (Id.)

///
///
///
///
///

1    For the first cause of action for declaratory relief,
2  Plaintiffs make essentially the same claim they made in their
3  initial Complaint; that Plaintiffs' mortgage was improperly
4  securitized, and, therefore, Defendants have no right or power to
5  demand mortgage payments or otherwise enforce the terms of the
6  Note or Deed of Trust. (FAC at 6-8.) Regarding Plaintiffs'
7  ongoing mortgage payments, "Plaintiffs do not dispute that they
8  owe money on their mortgage obligation. Rather, Plaintiffs
9  dispute the amount owed and seek the Court's assistance in
10 identifying who the true creditor is of their Note and Deed of
11 Trust." (Id. at 16). Defendants argue that the renewed cause of
12 action should still fail because Plaintiffs lack standing to
13 enforce the terms of the PSA and fail to establish any actual
14 controversy. (ECF No. 25 at 12.)

15    For the second cause of action, the TILA violation,
16 Plaintiffs contend that Bank of New York failed to notify them
17 within thirty (30) days of the alleged September 8, 2011
18 assignment. (FAC at 20.) Defendants counter that this claim
19 fails because Plaintiffs had notice of the assignment to Bank of
20 New York and because they fail to allege any detrimental
21 reliance. (ECF No. 25 at 15.)

22    Finally, Plaintiffs' third cause of action, the UCL
23 violation, is based on Defendants' alleged TILA violation, as
24 well as their allegedly fraudulent assignment documentation.
25 Defendants contend that Plaintiffs' UCL claim fails because they
26 lack standing and do not allege wrongful conduct. (ECF No. 25 at
27 17.)
28 ///

**STANDARD**


    On a motion to dismiss for failure to state a claim under
Federal Rule of Civil Procedure 12(b)(6), all allegations of
material fact must be accepted as true and construed in the light
most favorable to the nonmoving party.  Cahill v. Liberty Mut.
Ins. Co., 80 F.3d 336,337-38 (9th Cir. 1996).  Rule 8(a)(2)
requires only "a short and plain statement of the claim showing
that the pleader is entitled to relief" in order to "give the
defendant fair notice of what the [. . .] claim is and the
grounds upon which it rests."  Bell Atl. Corp. v. Twombly,
550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41,
47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to
dismiss does not require detailed factual allegations.  However,
"a plaintiff's obligation to provide the grounds of his
entitlement to relief requires more than labels and conclusions,
and a formulaic recitation of the elements of a cause of action
will not do."  Id. (internal citations and quotations omitted).
A court is not required to accept as true a "legal conclusion
couched as a factual allegation."  Ashcroft v. Iqbal, 129 S. Ct.
1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555).  "Factual
allegations must be enough to raise a right to relief above the
speculative level."  Twombly, 550 U.S. at 555 (citing 5 Charles
Alan Wright & Arthur R. Miller, Federal Practice and Procedure
§ 1216 (3d ed. 2004) (stating that the pleading must contain
something more than "a statement of facts that merely creates a
suspicion [of] a legally cognizable right of action.")).
///

1    Furthermore, "Rule 8(a)(2). . . . requires a showing, rather
2  than a blanket assertion, of entitlement to relief." Twombly,
3  550 U.S. at 556 n.3 (internal citations and quotations omitted).
4  Thus, "[w]ithout some factual allegation in the complaint, it is
5  hard to see how a claimant could satisfy the requirements of
6  providing not only 'fair notice' of the nature of the claim, but
7  also 'grounds' on which the claim rests." Id. (citing 5 Charles
8  Alan Wright & Arthur R. Miller, supra, at § 1202). A pleading
9  must contain "only enough facts to state a claim to relief that
10  is plausible on its face." Id. at 570. If the "plaintiffs . . .
11  have not nudged their claims across the line from conceivable to
12  plausible, their complaint must be dismissed." Id. However,
13  "[a] well-pleaded complaint may proceed even if it strikes a
14  savvy judge that actual proof of those facts is improbable, and
15  'that a recovery is very remote and unlikely.'" Id. at 556
16  (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

17    A court granting a motion to dismiss a complaint must then
18  decide whether to grant leave to amend. Leave to amend should be
19  "freely given" where there is no "undue delay, bad faith or
20  dilatory motive on the part of the movant, . . . undue prejudice
21  to the opposing party by virtue of allowance of the amendment,
22  [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S.
23  178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d
24  1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to
25  be considered when deciding whether to grant leave to amend).
26  Not all of these factors merit equal weight. Rather, "the
27  consideration of prejudice to the opposing party . . . carries
28  the greatest weight."

1    Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185

2    (9th Cir. 1987).  Dismissal without leave to amend is proper only

3    if it is clear that "the complaint could not be saved by any

4    amendment."  Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d

5    1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411

6    F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil

7    Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be

8    granted where the amendment of the complaint . . . constitutes an

9    exercise in futility . . . .")).

10

11                              **ANALYSIS**

12

13        **A.   Plaintiffs' First Cause of Action for Declaratory**
                 **Relief**

14

15        Plaintiffs once again seek a declaration from the Court that

16   Defendants have no right to collect mortgage payments or

17   otherwise enforce the terms of the Note and Deed of Trust.  (FAC

18   at 18.)  Plaintiffs' claim for declaratory relief rests on the

19   theory that the alleged failure to properly securitize the

20   mortgage "renders Defendants third-party strangers to the

21   underlying debt obligation," or alternatively that the Sept. 8,

22   2011 Assignment of the Deed of Trust was void because of a

23   fraudulent representation on the form.  (Id. at 8, 15.)

24   Plaintiffs contend that there is an "actual controversy" because

25   they dispute Bank of New York's claim to be the rightful holder

26   of the note, and their right to collect mortgage payments.  (Id.)

27   ///

28   ///

                                   10

1   Defendants move to dismiss Plaintiffs' declaratory relief claim
2   on the basis that Plaintiffs lack standing to enforce the terms
3   of the PSA, and additionally, that they fail to allege the
4   existence of an "actual controversy."  (MTD, ECF No. 25 at 12.)

5       This Court previously ruled in this case that Plaintiffs
6   lacked standing to challenge the process in which their mortgage
7   was securitized because they are not a party to the PSA.  See
8   Order ECF No. 23 at 12; see also, Bascos v. Federal Home Loan
9   Mortg. Corp, 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011)
10  ("To the extent Plaintiff challenges the securitization of his
11  loan because Freddie Mac failed to comply with the terms of the
12  securitization agreement, Plaintiff has no standing to challenge
13  the validity of the securitization of the loan as he is not an
14  investor of the loan trust.").  Because Plaintiffs have not
15  alleged any further information that would tend to cast doubt on
16  Defendants' representation that they are the true holder of the
17  Note, and thus entitled to collect Plaintiffs' mortgage payments,
18  the Court declines to grant declaratory relief.

19      Further, declaratory relief is not an independent claim, but
20  rather a form of relief.  Santos v. Countrywide Home Loans,
21  No. Civ. 2:09-02642 WBS DAD, 2009 WL 3756337, at *5 (E.D. Cal.
22  Nov. 6, 2009).  The court may dismiss a claim for declaratory
23  relief where the relief sought is commensurate with the relief
24  sought in the other causes of action.  Cerecedes v. U.S.
25  Bankcorp, 2011 WL 2711071 at *4 (E.D. Cal. July 11, 2011).
26  ///
27  ///
28  ///

11

1  As discussed below, because Plaintiffs fail to state a claim for
2  either violation of 15 U.S.C. § 1641(g) or violation of Cal. Bus.
3  & Prof. Code § 17200, the Court GRANTS Defendants' Motion to
4  Dismiss Plaintiffs' claim for declaratory relief without leave to
5  amend.

6

7      **B.   Plaintiffs' Second Cause of Action for Violation of
            Truth in Lending Act, 15 U.S.C. § 1641(g).**
8

9          Plaintiffs allege that Defendants violated 15 U.S.C.
10  § 1641(g) of TILA by failing to timely inform Plaintiffs when
11  their mortgage was assigned to a new owner.  Specifically,
12  Plaintiffs contend they received no notice of the Bank of New
13  York's assignment after the letter dated September 8, 2011 was
14  signed.  (FAC at 20.)  Defendants counter that Plaintiffs had
15  constructive notice, and the initial Complaint shows that Bank of
16  America informed them by writing that Bank of New York was the
17  owner of their mortgage.  (ECF No. 25 at 15.)  Additionally,
18  Defendants argue that Plaintiffs have failed to allege any
19  detrimental reliance, and that any damages were purely
20  speculative.  (Id. at 16-17.)
21          TILA, 15 U.S.C. § 1641(g) states that "[n]ot later than 30
22  days after the date on which a mortgage loan is sold or otherwise
23  transferred or assigned to a third party, the creditor that is
24  the new owner or assignee of the debt shall notify the borrower
25  in writing of such transfer..." 15 U.S.C. § 1641(g)(1).  A
26  creditor is only liable for actual damages sustained as a result
27  of its alleged failure to provide written notice.
28  ///

1   <u>Beall v. Quality Loan Serv. Corp.</u>, 2011 WL 1044148, at *6 (S.D.

2   Cal. Mar. 21, 2011) ("A creditor that fails to comply with any

3   requirement imposed under § 1641(g)(1) only faces liability for

4   any actual damage sustained by such person as a result of the

5   failure."); <u>see</u> <u>also</u> <u>Che v. Aurora Loan Services</u>, 2012 WL 899629,

6   at *3-4 (C.D. Cal. March 15, 2012) (finding that speculative

7   damages are not enough to impose liability against a creditor for

8   alleged violation of 15 U.S.C. § 1641(g), as liability exists

9   only for actual damages).  Plaintiffs' claim for damages rests

10  primarily on the assertion that another lender <u>may</u> seek to

11  collect payments, or that a potential buyer <u>may</u> be deterred by a

12  so-called "cloud" on Plaintiffs' title.  (<u>See</u> FAC at 21.)  The

13  other damages sought, including "overcalculation and overpayment

14  of interest on Plaintiffs' Loan, [and] the costs of repairing

15  Plaintiffs' credit" have not been sufficiently linked to any of

16  Defendants' actions.  Since Plaintiffs' damages are purely

17  speculative and were not caused by any violation of § 1641(g),

18  Plaintiffs' second cause of action fails.

19

20          **C.   Plaintiffs' Third Cause of Action for Violation of the**
                 **Unfair Competition Law, California Business and**
21               **Professions Code § 17200, Et Seq.**

22          Plaintiffs' claim for violation of the UCL, Cal. Bus. &

23  Prof. Code § 17200, is based on their allegations that Bank of

24  New York and Bank of America "engaged in unfair, unlawful, and

25  fraudulent business practices."  (FAC at 21.)  Specifically,

26  Plaintiffs contend that Defendant Bank of New York violated

27  15 U.S.C. § 1641(g) by failing to notify them of its purported

28  acquisition of Plaintiffs' mortgage.  (<u>Id.</u> at 22.)

                                    13

1    Additionally, Plaintiffs allege that Defendants violated Cal.

2    Penal Code § 532(f)(a)(4) by filing the Assignment in the County

3    Recorder's Office with knowledge that the Assignment contained

4    the deliberate misrepresentation that Bank of New York had been

5    assigned Plaintiffs' Note and Mortgage.  (Id.)  Defendants

6    contend that these claims are unsupported by any credible or

7    specific allegations of fact, and Plaintiffs lack standing to

8    assert the UCL claims.  (ECF No. 25 at 18.)

9         The Court previously ruled in this case that Plaintiffs' UCL

10   claims failed because any allegations of unlawful conduct were

11   conclusory, and any allegations of unfair or fraudulent conduct

12   were unsupported by any identifiable wrongdoing by specific

13   Defendants.  (ECF No. 23 at 20.)  Plaintiffs' new UCL claim is

14   based on violation of Cal. Penal Code § 532(f)(a)(4), presumably

15   based on the allegedly fraudulent signature on the Assignment.

16   Plaintiffs' amended UCL claim fails for the same reasons it did

17   in the initial Complaint.  Plaintiffs essentially are alleging

18   that Defendants engaged in fraudulent activity, without meeting

19   Rule 9(b)'s requirement that such claims be pled with

20   particularity.  A court is not required to accept as true a

21   "legal conclusion couched as a factual allegation."  Iqbal,

22   129 S. Ct. at 1950.  Plaintiffs offer no facts or other evidence

23   to support their allegation that Kathy Oriard misrepresented

24   herself in signing the Assignment.  In addition, merely listing

25   Civil Code violations, as Plaintiffs do here, without more, is

26   not sufficient to maintain a plausible claim.  Id. at 1949.

27   ///

28   ///

14

Plaintiffs' assertion that Defendants violated Cal. Penal Code § 532(f)(a)(4) by "filing or causing the Assignment to be filed with the San Joaquin County Recorder's Office in connection with Plaintiffs' mortgage loan transaction with knowledge that the Assignment contained deliberate misstatements and misrepresentations" is merely a conclusory recitation of the elements of the offense.  Therefore, Plaintiffs' third cause of action fails.

**CONCLUSION**

As a matter of law, and for the reasons set forth above, Defendants' Motion to Dismiss (ECF No. 25) is GRANTED without leave to amend. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: August 6, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE